## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-3392 PA (SSx) | Date | June 21, 2018 |
|---|---|---|---|

| Title | Robert J. Kulick v. Leisure Village Association, Inc. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS – COURT ORDER

Before the Court is a Response (Docket No. 13) filed by plaintiff Robert J. Kulick ("Plaintiff"), appearing pro se, to the Court's order to show cause why this action should not be dismissed for lack of jurisdiction pursuant to the Rooker-Feldman doctrine.[1]

The Rooker-Feldman doctrine prevents a federal district court from having subject matter jurisdiction to hear a direct appeal from a final judgment of a state court. Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003); see D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923). As the Supreme Court has explained, this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Even if a plaintiff frames his claim as a constitutional challenge, if he seeks what, in substance, would be appellate review of a state judgment, the action is barred by Rooker-Feldman. Bianchi v. Rylaarsdam, 334 F.3d 895, 901 n.4 (9th Cir. 2003); Feldman v. McKay, Case No. CV 15-04892 MMM (JEMx), 2015 U.S. Dist. LEXIS 159741, at *8 (C.D. Cal. Nov. 25, 2015) ("A losing party in state court is . . . barred from seeking what in substance would be appellate review of a state judgment in federal district court, even if the party contends the state judgment violated his or her federal rights.").

To determine whether the Rooker-Feldman doctrine applies, a federal district court must assess whether the plaintiff is attempting to bring a "forbidden de facto appeal." See Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). A case is a de facto appeal "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." See id. at 1164. If the case is a de facto appeal, the plaintiff is also barred from litigating "any issues that are 'inextricably intertwined' with issues in that de facto appeal." See Kougasian v.

---

[1]     District courts have an independent obligation to consider subject matter jurisdiction sua sponte. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986); Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 18-3392 PA (SSx) | Date | June 21, 2018 |
|---|---|---|---|

| Title | Robert J. Kulick v. Leisure Village Association, Inc. |
|---|---|

TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004) (citing Noel, 341 F.3d at 1166).  Issues presented are inextricably intertwined "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff."  Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

Leisure Village Association, Inc. ("LVA"), named as Defendant in this case, previously sued Plaintiff in state court.  (See Docket No. 1.)  In the state-court case, the jury ultimately rendered a verdict in favor of LVA, the California Court of Appeal affirmed, and the California Supreme Court denied review.  See Leisure Vill. Ass'n v. Kulick, No. B271709, 2018 Cal. App. Unpub. LEXIS 333, at *21 (Jan. 17, 2018)[2/]; Leisure Vill. Ass'n, Inc. v. Kulick, No. S247249, 2018 Cal. LEXIS 3023, at *1 (Apr. 25, 2018).  On April 23, 2018, Plaintiff filed the federal action presently before this Court.

The various iterations of Plaintiff's complaint are not models of clarity.  (See Docket Nos. 1, 12, 15, 22.)  They do not clearly identify specific claims being asserted, nor do they contain explicit prayers for relief.  Nevertheless, it is apparent that Plaintiff is asserting that the superior court and California Court of Appeal committed errors in the state-court case, and that Plaintiff's civil rights were violated as a result.  Plaintiff further alleges that damages awarded to LVA by the jury were "based on witness perjury, heresay [sic] & [Kulick]'s attorney, Steven Rein, being denied by the court to do discovery." (Compl. 3.)  The Court dismissed Plaintiff's original and First Amended Complaints, with leave to amend, for failure to adequately allege a basis for jurisdiction, and issued an order to show cause why the Rooker-Feldman doctrine does not apply to bar this Court from exercising jurisdiction.  Plaintiff filed an "Amended Second Amended Complaint" as a matter of course.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015).  Each of Plaintiff's amended complaints implicitly attempts to incorporate the earlier versions of the complaint, despite the Court's warning that "Plaintiff must include all material allegations in [the amended] complaint, as an amended complaint supersedes all prior versions of that complaint."  (See Docket No. 13.)  Plaintiff's amended complaints add little of substance to Plaintiff's allegations.  Plaintiff has now filed a Response to the Court's order to show cause, in which he contends that the state-court judgment was not "final" for purposes of the Rooker-Feldman doctrine because the state-court judgment was, Plaintiff alleges, unconstitutional.  (Response 4.)

As an initial matter, the Rooker-Feldman doctrine bars federal jurisdiction only where the federal suit is initiated after state-court proceedings have ended.  Mothershed v. Justices of Supreme Court, 410 F.3d 602, 604 n.1 (9th Cir. 2005), as amended on denial of reh'g, No. 03-16878, 2005 WL 1692466 (9th Cir. July 21, 2005); see Exxon, 544 U.S. at 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454.  The Ninth Circuit

---

[2/]    The Court finds that the state-court proceedings referenced in Plaintiff's complaints directly relate to the matters at issue, and takes judicial notice of those proceedings under Rule 201 of the Federal Rules of Evidence.  See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (taking sua sponte judicial notice of state-court proceedings).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 18-3392 PA (SSx) | Date | June 21, 2018 |
|---|---|---|---|
| Title | Robert J. Kulick v. Leisure Village Association, Inc. | | |

has held, in an unpublished decision, that a lower state-court judgment was sufficiently final for <u>Rooker</u>-<u>Feldman</u> to bar a federal de facto appeal, even though the judgment was simultaneously appealed in state court. <u>See</u> <u>Marciano v. White</u>, 431 F. App'x 611, 613 (9th Cir. 2011) ("The fact that Marciano filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions. To hold otherwise would run counter to the doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court."); <u>see, e.g.</u>, <u>Martello v. Rouillard</u>, No. 2:15-cv-01798-CAS (AJWx), 2015 U.S. Dist. LEXIS 88127, at *20 (C.D. Cal. July 6, 2015); <u>Rhodes v. Gordon</u>, No. CV 12-2863-JGB (DTB), 2013 U.S. Dist. LEXIS 100813, at *40 (C.D. Cal. July 16, 2013). The Court finds that the state-court proceedings relevant to this case sufficiently ended prior to the initiation of this action for purposes of the <u>Rooker</u>-<u>Feldman</u> doctrine.[3/]

Furthermore, this case is precisely the kind of legal action meant to be barred from federal court by the Supreme Court's <u>Rooker</u>-<u>Feldman</u> decisions. <u>See</u> <u>Marciano</u>, 431 F. App'x at 612. This is a de facto appeal because Plaintiff asserts as legal wrongs allegedly erroneous decisions by state courts and seeks relief from the state-court judgment based on those decisions. <u>See</u> <u>Noel</u>, 341 F.3d at 1164. Additionally, Plaintiff's claims are inextricably intertwined with the de facto appeal because the Court "must hold that the state court was wrong in order to find in favor of the plaintiff." <u>Doe & Assocs. Law Offices</u>, 252 F.3d at 1030.

The Court concludes that the <u>Rooker</u>-<u>Feldman</u> doctrine bars this Court from having jurisdiction over Plaintiff's claims. Accordingly, this action is dismissed for lack of jurisdiction. Plaintiff's Motion for Extension to Execute Summons (Docket No. 24) is denied as moot.

IT IS SO ORDERED.

---

[3/] Plaintiff's argument that the state-court judgment was not final because it was unconstitutional does not save his action. Such an assertion of unconstitutionality has no bearing on the finality of the judgment for purposes of <u>Rooker</u>-<u>Feldman</u>, and as explained above, framing his claim as a constitutional challenge does not prevent Plaintiff's action from being a forbidden de facto appeal.